# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-71-TLS |
| | ) | |
| ROBERT ARMSTRONG | ) | |

## OPINION AND ORDER

The Defendant, Robert Armstrong, pleaded guilty to possessing with intent to distribute cocaine, 21 U.S.C. § 841, and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). This matter is before the Court on the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 66], filed on August 26, 2015. The Government opposes the Defendant's Motion. For the reasons stated herein, the Court finds that the Defendant is not entitled to a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782, and denies his Petition.

## BACKGROUND

A six-count Indictment charged the Defendant with various drug and gun offenses. The Defendant and the Government entered into a written Plea Agreement, which was filed with the Court. According to the Plea Agreement, the Defendant agreed to enter a plea of guilty to Counts 4 and 6 of the Indictment, in return for the dismissal of the remaining counts, including an addition gun charge. The Government and the Defendant also agreed to a term, not binding on the Court, providing that the Defendant was entitled to the appropriate reductions for acceptance of responsibility. Another nonbinding term set forth the parties' understanding that for the gun offense, if U.S.S.G. § 2K2.4(b) applied, the applicable Guideline sentence would be the

minimum term of imprisonment required by statute—5 years. Further, the Plea Agreement contained the following language regarding the Defendant's term of imprisonment:

> I acknowledge that I was charged with a second violation of 18 U.S.C. § 924(c) which could have resulted in an additional sentence upon conviction. I also acknowledge that my total advisory guidelines range under-represents the severity of my offense in light of the potential effect of the second violation of 18 U.S.C. § 924(c). Therefore, on Count 4, I agree that I should receive an upward offense level adjustment or variance equal to the number of offense levels that are sufficient to contain a sentence of 60 months. The government and I agree that I should be sentenced to a term of imprisonment of 60 months on Count 4 and a consecutive 60 months on Count 6, for a total sentence of 120 months. The above-mentioned agreement that I should receive a total sentence of 120 months is a binding agreement pursuant to Rule 11(c)(1)(C).

(Plea Agreement ¶ 8(d), ECF No. 45.) A second § 924(c) conviction would have resulted in a mandatory minimum sentence of 25 years.

At sentencing, the Court calculated the advisory Guideline range for both offenses. The sentencing guidelines range was 46 to 57 months of imprisonment for the drug count. The gun count required a mandatory minimum sentence of 60 months to be served consecutively to the drug offense. Upon inquiry into the justification for the binding provisions of the Plea Agreement, the Court accepted the Plea Agreement and sentenced the Defendant accordingly, that is, to 60 months on the drug offense, and a consecutive 60 months on the gun offense, for a total sentence of 120 months.

## DISCUSSION

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18

U.S.C. § 3582(c)(2) permits a defendant to move for a sentence reduction if he was sentenced to a term of imprisonment "based on" a Guidelines sentencing range that has subsequently been lowered by retroactive amendment. The Government asserts that the Defendant's sentence was not based on the Guidelines. Instead, it was based on a plea agreement that contained a binding term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), also referred to as a (C) agreement. This subsection of Rule 11 permits parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," and "binds the court [to the agreed-upon sentence] once [it] accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C); *see also id.* (c)(4) (providing that if the court accepts such an agreement, "it must inform the defendant that . . . the agreed disposition will be included in the judgment").

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court considered whether defendants who enter into plea agreements recommending a particular sentence as a condition of the guilty plea may be eligible for § 3582(c)(2) relief. No majority of the justices agreed on a single rationale. The narrowest, most case-specific basis for deciding *Freeman*, and thus the statement of controlling law, comes from Justice Sotomayor's concurrence. *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (concluding that Justice Sotomayor's concurrence is controlling under *Marks v. United States*, 430 U.S. 188, 193 (1977)).

Justice Sotomayor stated that, generally, a sentence imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C) is based on that agreement, not on the Guideline range, so that no relief is available under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation.").

3

However, two limited exceptions are recognized. The first applies where the parties "agree that a specific . . . sentencing range is the appropriate disposition of the case." *Id.* at 2697 (quoting Fed. R. Civ. P. 11(c)(1)(C)). Under this particular type of (C) agreement, "the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.*; *Dixon*, 687 F.3d at 359. For the second exception to apply, the plea agreement itself must "make clear that the basis for the specified term" is the applicable Guideline range. *Id.* at 2697 (stating that the "sentencing range [must be] evident from the agreement itself"); *Dixon*, 687 F.3d at 359.

The Defendant includes statements from *Freeman* in his brief to this Court in support of his Petition for a reduction. However, many of those citations are to the opinion authored by Justice Kennedy. In reply to the Government's opposition to his Petition, the Defendant observes that the "Government argues that the Court should ignore the position of Justice Kennedy and adopt the narrower position taken by Justice Sotomayor in *Freeman*." (Def. Reply 4, ECF No. 71.) If, by characterizing the Government's position in this way, the Defendant means for this Court to analyze his Petition in light of the non-controlling portions of *Freeman*, the Court must decline. The Seventh Circuit's decision in *Dixon*, finding that Justice Sotomayor's concurrence is the narrowest grounds of decision and represents the Supreme Court's holding, binds this Court. *See, e.g., Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986).

The Defendant also argues that, regardless of whether the broad view as written by Justice Kennedy or the narrow view of Justice Sotomayor is applied, he is still eligible for a

4

reduction because he meets the requirements of Justice Sotomayor's second exception. (Reply 5.) He asserts that the language in his plea agreement, wherein he agreed he "should receive an upward offense level adjustment or variance equal to the number of offense levels that are sufficient to contain a sentence of 60 months" (Plea Agreement ¶ 8(d)), expressly uses the Guideline range.

The Court disagrees. The Plea Agreement contains no mention of a Guideline range, and does not make clear that any particular Guidelines range was employed. Rather, it identifies only the specific term of imprisonment that the Defendant agreed to—60 months for each count or 120 months total. This negotiated term of imprisonment was not based on the Guideline involved in the case, but instead was based on the fact that the Defendant was charged with, but was not pleading guilty to, a second violation of 18 U.S.C. §924(c), which would have resulted in an additional sentence upon conviction. The Defendant acknowledged that any Guideline range that did not take into account the second § 924(c) violation would "under-represents the severity of my offense." (Plea Agreement ¶ 8(d)). The Defendant agreed to any upward adjustment or variance that would be necessary to achieve the negotiated term of imprisonment. By this agreement, the parties did not come to a shared assessment that a particular imprisonment range would apply. In fact, the range would make no difference to the ultimate sentence to be imposed, as long as the Court accepted the parties' Plea Agreement. Under these circumstances, his sentence cannot be characterized as having been "based on" the Guidelines. *Cf. United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013) (where a plea agreement mentioned a base offense level, but no criminal-history score, thus omitting "one of the critical inputs necessary to find a final advisory guidelines range[, it was] impossible to infer from this agreement that the parties based

their agreed . . . term on any guidelines range").

Because the Defendant's sentence was based on a negotiated and agreed term of imprisonment, and not based on or tied to the Guidelines, the Defendant is not eligible for a reduction under § 3582(c)(2).

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 66].

SO ORDERED on October 26, 2015.

                                               s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT